SO ORDERED.

SIGNED this 8 day of May, 2014.

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| CHARLES HAROLD SLEDGE, | CHAPTER 7 |
| MARGARET LYNN SLEDGE, | CASE NUMBER: 03-02654-8-RDD |
| DEBTORS. | |
| | |
| WILLIAM P. JANVIER, TRUSTEE, | ADVERSARY PROCEEDING |
| | NUMBER: 04-00033-8-RDD |
| PLAINTIFF, | |
| v. | |
| MARGARET LYNN SLEDGE, | |
| PLANTERS BANK AS TRUSTEE OF | |
| W. JEFF HAMMOND TRUST, | |
| DEFENDANTS. | |

## ORDER

Pending before the Court is the Motion to Reopen Adversary Proceeding filed by Margaret Lynn Sledge on February 28, 2014 (the "Motion"); the Objection to Motion to Reopen Adversary Proceeding filed by William P. Janvier, the Chapter 7 Trustee, on March 21, 2014 (the "Objection"); and the Memorandum in Support of Motion to Reopen Adversary Proceeding filed

by Margaret Lynn Sledge on April 14, 2014 (the "Memo in Support of the Motion"). The Court conducted a hearing on April 15, 2014, to consider these matters. At the conclusion of the hearing, the Court took these matters under advisement and gave the parties twenty-one (21) days to file briefs on the overarching equities of the case and the applicability of *Wachovia Bank* to the instant facts. *Wachovia Bank v. Levin*, 419 B.R. 297 (E.D.N.C. 2009).

On May 6, 2014, the Trustee filed the Memorandum in Opposition to Motion to Reopen Adversary Proceeding and Margaret Lynn Sledge filed the Second Memorandum in Support of Motion to Reopen Adversary Proceeding. For the reasons that follow the Motion to reopen the adversary proceeding will be allowed.

## FACTUAL HISTORY

On March 19, 1976, Margaret Lynn Sledge's grandfather, W. Jeff Hammond, executed a trust naming as beneficiaries Margaret Lynn Sledge (the "Movant") and the Movant's mother, brother, and sister (the "Hammond Trust"). Planters Bank was appointed to serve as trustee. The Hammond Trust was executed in Kentucky. All parties to the adversary proceeding (04-00033-8-RDD) filed by William P. Janvier, Chapter 7 Trustee (the "Trustee") on February 10, 2004 (the "AP") agree that the Hammond Trust is governed by Kentucky law. A notation on the Hammond Trust instrument indicates that the Movant, then known as Lynn Tull, was 17 years old when the Hammond Trust was executed, making her the youngest of the beneficiaries. The Movant was initially entitled to 12.5% of the net income from the Hammond Trust corpus. After the death of the Movant's mother, the Movant was entitled to an increased distribution of income until she reached the age of 50, at which point the Hammond Trust was to cease and the Movant be paid 25% of the Hammond Trust corpus. The trustee of the Hammond Trust was directed to hold,

2

manage, and control the property comprising the trust estate, and collect and disburse net income to the trust beneficiaries "periodically but at least semi-annually." In addition, the trustee of the trust has "sole and absolute discretion" to make disbursements from the trust principal "at any time and from time to time . . . as it may deem advisable to provide adequately and properly for the health, maintenance, education and support" of the beneficiaries. Finally, the trust provides that:

> No beneficiary of any trust created hereunder shall have any right or power to anticipate, pledge, assign, sell, transfer, alienate or encumber his or her interest in the trust, with income or corpus or both, in any way, nor shall any such interest in any manner be liable for or subject to the debts, liabilities or obligations of such beneficiary or claims or (sic) any sort against such beneficiary.

Charles Harold Sledge and Margaret Lynn Sledge filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 24, 2003. The bankruptcy case was converted to one under Chapter 7 on August 19, 2003. The Movant, a defendant in the closed AP and a debtor in the Chapter 7 bankruptcy case (Case No. 03-02654-8-RDD) (the "Chapter 7 case"), has moved to reopen the AP for the express purpose of filing a motion to reconsider the judgment entered in the AP on July 14, 2004, which ruled: (1) the Hammond Trust had valid, enforceable spendthrift provisions; (2) the income interests of the Movant were protected by the spendthrift language, and, as such, were not property of the bankruptcy estate in the Chapter 7 case; and (3) that the remainder interests in the Hammond Trust's corpus were not so protected, and, as such, were property of the bankruptcy estate in the Chapter 7 case (the "Judgment"). The basis of the motion to reconsider would be that, since the time the Judgment was entered, controlling case law has emerged which contradicts the legal rationale behind the ruling that the remainder interests are part of the estate in the Chapter 7 case.

3

A Notice of Appeal from the Judgment was filed on July 29, 2004. On October 20, 2004, the United States District Court for the Eastern District of North Carolina entered an Order dismissing the Appeal because the Notice of Appeal was not timely filed. The AP was closed on April 12, 2005. John Bircher later represented the Movant in the other adversary proceeding in which the Trustee was seeking to deny her discharge. In that case, a settlement was agreed upon by the parties whereby the Movant agreed to pay to the Trustee one-half of all distributions from these trusts for a period of seven years starting March 31, 2005. The Movant fulfilled the terms of that settlement agreement, and as such, preserved her discharge. On or about November 21, 2013, Movant filed a motion to compel the Trustee to abandon her remainder interests. In said motion, she alleged that as the remainder interests were not marketable they had no value, and that her right to the corpus was contingent on her surviving her mother. However prior to the hearing on that motion, her mother died, and so she withdrew that motion.

## DISCUSSION

"A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). When construing 11 U.S.C. § 350(b) in *Hawkins* the Fourth Circuit Court of Appeals held that "the right to reopen a case depends upon the circumstances of the individual case and that the decision whether to reopen is committed to the court's discretion." *Hawkins v. Landmark Finance Co.*, 727 F.2d 326 (4th Cir. 1984) (following the discretionary view and adopting it as the rule in the circuit); *See Towns v. Postal Finance Co.*, 16 B.R. 949 (Bankr.N.D.Iowa 1982) and *Matter of Swanson*, 13 B.R. 851 (Bankr.D.Idaho 1981) (reasoning that this approach is dictated by the bankruptcy courts' equitable nature). The decision to reopen is within the "sound discretion of the bankruptcy court,

4

guided by the parameters of § 350(b) and equitable considerations." *In re Strickland*, 285 B.R. 539 (Bankr.S.D.Ga 2001); *See In re Garrett*, 266 B.R. 910, 912-14 (Bankr.S.D.Ga 2001) (citing 10th, 5th, and 6th Circuit opinions noting necessary interplay between discretion, § 350(b), and overarching equitable nature of bankruptcy proceedings).

At the hearing, Counsel for the Movant stated that the Judgment acknowledged a conflicting line of cases, but sided with courts "holding that a contingent remainder interest in a spendthrift trust is property of the estate." *See In re Laughey*, Case No. 02-04762-8-JRL (Bankr. E.D.N.C. November 26, 2002); *In re Britton*, 300 B.R. 155 (Bankr.D.Conn. 2003); *In re Crandall*, 173 B.R. 836 (Bankr.D.Conn. 1994). Counsel for the Movant represented that the Movant attempted to appeal the Judgment but the appeal was filed late by her attorney at the time, Peter Gemborys. Counsel for the Movant argued that this late filing and the non-disclosure of these trust interests on the Movant's bankruptcy petition and schedules are evidence that show the inadequate counsel of Peter Gemborys. In fact, the AP is one of the cases leading to the Court's sanctioning of Mr. Gemborys (*See In re Mugno*, 05-09231-8-JRL). Counsel for the Movant further argued that it is appropriate to reopen this case to allow the Movant to file a motion to reconsider if there is some likelihood of success. Counsel for the Movant cites the *Wachovia Bank* case, which held that the "determination as to whether a Debtor's interest will be included in the bankruptcy estate is made at the commencement of the case." *Wachovia Bank v. Levin*, 419 B.R. 297 (E.D.N.C. 2009). Counsel for the Movant argues that, like *Wachovia Bank*, the corpus of the Hammond Trust was protected by the spendthrift provisions at the commencement of the case. The Judgment established a valid spendthrift trust. Counsel for the Movant contends that "[s]een in that light and under the line of cases that

5

this Court now follows, there is a likelihood of success if the Movant is allowed to proceed by reopening this case." In response to the Court's question about why the Movant waited approximately five years before filing the Motion to Reopen, Counsel for the Movant explained that the Movant was under the false impression that the remainder interest would not be considered part of the bankruptcy estate in the Chapter 7 case after she made all her plan payments and received her discharge.

At the hearing, Counsel for the Trustee argued that lack of adequate counsel in a civil matter is not grounds for reopening a case. Further, Mr. Bircher represented the Movant for another matter and could have taken a look at this matter. Counsel for the Trustee disagreed with the Movant's contention that she has a likelihood of success if the AP were reopened. Counsel for the Trustee argued that, although *Wachovia Bank* is "good law," it is distinguishable from the facts of the case at bar. Specifically, in *Wachovia Bank*, the court applied the Pennsylvania spendthrift statue and in the AP, all parties have agreed that the Kentucky spendthrift statue applies and Kentucky law was applied in the Judgment. Ky. Rev. Stat. Ann. § 381.180(2). Counsel for the Trustee believes that Pennsylvania law is not as unfavorable as Kentucky law. Counsel for the Trustee argued that, because nine years have passed since the AP was adjudicated, reopening the AP would prejudice the Trustee and a "reasonable time" has passed under Rule 60(b) of the Fed. R. Civ. P. Further, some if not most of the witnesses are unavailable. Therefore, the Trustee would be at a disadvantage. However, the underlying bankruptcy case file remains open for further Trustee administration and has not been closed.

6

## CONCLUSION

After a review of the memoranda filed by both the Movant and the Trustee, sufficient questions have been raised regarding the specific trust language in the Hammond Trust, the scope of the spendthrift trust provisions in the Kentucky statutes, and the holding in the *Wachovia Bank* decision of the United States District Court for the Eastern District of North Carolina, the Court in the discretion afforded the bankruptcy court in these matters, determines that sufficient "cause" exists to reopen the adversary proceeding pursuant to § 350(b). Therefore, it is **ORDERED** that Adversary Proceeding No. 04-00033-8-RDD is hereby reopened. Nothing in this Order shall be construed as being an adjudication upon the merits of the anticipated motion to reconsider the Judgment entered in the AP on July 14, 2004. The Movant shall have sixty (60) days from the date of this Order to file further pleadings. Should nothing further be filed within sixty (60) days, then the Adversary Proceeding shall be closed.

**SO ORDERED.**

**END OF DOCUMENT**